IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| AVALEE DEVRIES, on behalf of herself and All Others Similarly Situated, <br><br>Plaintiff, <br><br>V. <br><br>ALMOST FAMILY, INC.; <br>LHC GROUP, INC. <br><br>Defendants. | §§§§§§§§§§§§ <br><br><br><br>CIVIL ACTION NO: 2:19-cv-148 |

# COMPLAINT

Plaintiff Avalee DeVries, on behalf of herself and All Others Similarly Situated, brings this suit against Defendants Almost Family, Inc. and LHC Group, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as amended.

# SUMMARY

1. Almost Family, Inc. and LHC Group, Inc. (Defendants) required and/or permitted Avalee DeVries (Plaintiff) and other similarly situated employees to work in excess of forty hours per week but refused to compensate them properly for such hours.

2. Instead, Plaintiff, and other employees who worked for the Defendants as medical coders, have been improperly classified as exempt from the overtime compensation requirements imposed by federal law.

3. Plaintiff brings this lawsuit to recover wages, and other damages, that have been denied her and other employees as a result.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Texas because Defendants engage in business in Texas, entered into a business relationship with Plaintiff in the Northern District of Texas, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Northern District of Texas.

## THE PARTIES

6. Plaintiff Avalee DeVries is a resident of Amarillo, Texas. Ms. DeVries's written consent to this action is attached as Exhibit "A."

7. The Potential Class Members are or were medical coding specialists ("coders") employed at any time during the three year period immediately preceding the filing of this suit.

8. Defendant Almost Family, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky. Service of process may be had on this Defendant by serving its registered agent: FBT, LLC, 400 West Main Street, 32nd Floor, Louisville, Kentucky 40202-3363.

9. Defendant LHC Group, Inc. is a Delaware corporation with its principal place of business in Lafayette, Louisiana. Service of process may be had on this Defendant by serving its registered agent: Cogency Global, Inc., 1601 Elm St., Suite 4360, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

10. Each Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

11. Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and the Potential Class Members, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Accordingly, Defendants are both a covered "enterprise" and an "employer" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

14. Plaintiff and Potential Class Members were individual employees who are engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

15. Defendants provide healthcare services to customers including home health and hospice care.

16. Plaintiff and the Potential Class Members are or were employed by Defendants as coders.

17. Although Plaintiff and Potential Class Members regularly worked in excess of 40 hours per week, they were not properly paid overtime compensation for any hours worked in excess of forty per workweek.

18. Instead, Defendants paid Plaintiff and Potential Class Members a salary plus, at certain times of their employment, an additional piece-rate per chart completed if a productivity threshold was met.

19. Defendants improperly classified Plaintiff and Potential Class Members as exempt for FLSA purposes. Plaintiff and Potential Class Members were not exempt under the FLSA because they:

   a. did not exercise discretion or independent judgment with respect to matters of significance or in performing their primary duties;

   b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

   c. did not carry out major assignments in conducting the operations of the business;

   d. did not perform work that affects business operations to a substantial degree;

   e. did not have the authority to commit their employer in matters that have significant financial impact;

   f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

   g. did not have the authority to negotiate and bind the company on significant matters;

   h. did not provide consultation or expert device to management;

   i. were not involved in planning long- or short-term business objectives;

   j. did not investigate or resolve matters of significance on behalf of management; and

   k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances.

20. Plaintiff and Potential Class Members did not perform work requiring advanced knowledge in a field of science or learning.

21. The primary duty of Plaintiff and Potential Class Members is/was to review a medical chart, determining the patient's diagnoses and/or any procedures performed, to categorize the diagnoses and procedures consistent with a national classification system, assigning a specific numeric or alphanumeric code to each diagnosis or procedure.

## **CLASS ALLEGATIONS**

22. Plaintiff has actual knowledge that other coders employed by Defendants have been denied overtime pay for hours worked over forty hours in a workweek.

23. Although Defendants suffered, permitted, and/or required Plaintiff and Potential Class Members to work in excess of forty hours per week, Defendants denied them full compensation for their hours worked over forty.

24. Plaintiff and Potential Class Members perform or have performed the same or similar work.

25. Potential Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

26. Defendants' failure to pay overtime compensation, at the rates required by the FLSA, results from a single decision, policy or plan and does not depend on the personal circumstances of the Potential Class Members.

27. Plaintiff's experience is typical of the experiences of the Potential Class Members.

28. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

29. All Potential Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

30. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

31. At all times relevant hereto, Defendants knew of, approved of, and benefited from the overtime work of Plaintiff and those similarly situated.

32. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

33. Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

34. The class of similarly situated plaintiffs is properly defined as follows:

> **All persons employed by Defendants as coding specialists for the three years preceding the filing of this suit.**

## CAUSE OF ACTION

## FAILURE TO PAY OVERTIME
## IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

35. Plaintiff incorporates all allegations contained in the preceding paragraphs.

36. At all relevant times Plaintiff and Potential Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

37. Defendants' failure to pay overtime compensation to Plaintiff and Potential Class Members violates Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

38. Accordingly, Plaintiff and Potential Class Members are entitled to compensation for overtime hours worked.

39. Additionally, Plaintiff and Potential Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

40. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA and, as a result, Plaintiff and Potential Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

41. Alternatively, should the Court find that either Defendant acted in good faith and had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiff and Potential Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

42. Plaintiff and the Potential Class Members are entitled to have the limitations period extended to three years because Defendants' actions were willful. 29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her and the Potential Class Members:

a. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times the regular rates;

b. an equal amount as liquidated damages allowed under the FLSA;

c. damages accrued for a three year period;

d. reasonable attorneys' fees, costs, and expenses of this action provided by the FLSA;

e. pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. such other and further relief, at law or in equity, to which Plaintiff and Potential Class Members may be entitled.

Respectfully Submitted:

Y<small>OUNG</small> & N<small>EWSOM</small>, P.C.
Jeremi K. Young, TX SBN 24013793
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
Tel:  (806) 331-1800
Fax: (806) 398-9095
jyoung@youngfirm.com

By: /s/ Jeremi K. Young
        Jeremi K. Young

**Attorneys for Plaintiff**

# CONSENT TO JOIN LAWSUIT FOR UNPAID WAGES

I consent to join a lawsuit against **LHC Group, Inc., Almost Family Hospital Partnership, and/or Community Health Systems**, including any of their agents or affiliates, to recover unpaid minimum and/or overtime wages and other money damages.

By signing and returning this Consent for filing with the Court, I understand that, if I am not a Collective Action Representative, I designate the collective action Representative(s) as my agent(s) to make decisions on my behalf concerning the lawsuit, including the method and manner of conducting the lawsuit, entering into settlement agreements, entering into agreements with counsel concerning attorneys' fees and costs, and all other matters pertaining to the lawsuit. These decisions and agreements, made and entered into by the Collective Action Representative(s), will be binding on me if I sign and return this Consent.

If I am not the Collective Action Representative, I understand that the Collective Action Representative(s) has entered into a Fee Agreement with Young & Newsom, P.C. which applies to all persons who sign and return this consent. If I sign and return this Consent, I agree to be bound by such Contingency Fee Agreement. I understand that I may obtain a copy of the Contingency Fee Agreement upon requesting it from Young & Newsom, P.C.

I agree and understand that Young & Newsom, P.C. the Collection Action Representative(s), and/or the Court may in the future appoint other individuals to be representative plaintiffs in this litigation. I consent to such appointment and agree to be bound by the decisions of such new representative plaintiff(s) for all purposes related to this litigation.

By choosing to file this consent, I understand that I will be bound by the judgment of the Court. I will also be bound by, and will share in, as the Court may approve, any settlement that may be negotiated on behalf of all plaintiffs.

I acknowledge and understand that if I do not file this consent, I will not be affected by any judgment or settlement rendered or reached in this lawsuit, and I will not be entitled to share in any amounts recovered by the plaintiffs whether by judgment, settlement or otherwise. I agree to notify Young & Newsom, P.C. immediately if my telephone number(s) or address should change.

DocuSigned by:
*Avalee De Vries*
Signature

5/18/2019
Date

Avalee DeVries
Printed Name

EXHIBIT A

1